# UNITED STATES DISTRICT COURT

Southern District of New York

| UNITED STATES OF AMERICA | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| Harold Levine | ) | Case Number: 1:16CR00715 - 001 |
| | ) | USM Number: 78275- 054 |
| **Date of Original Judgment:** 10/11/2017 | ) | Gerald Lefcourt, Esq. |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U S C 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed R Crim P 35(b))
☐ Correction of Sentence by Sentencing Court (Fed R Crim P 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed R Crim P 36)

☐ Modification of Supervision Conditions (18 U S C §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U S C § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U S C § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U S C § 2255 or ☐ 18 U S C § 3559(c)(7)
☑ Modification of Restitution Order (18 U S C § 3664)

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1 and 3.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7212(a) | Obstructing & Impeding Administration of IRS Laws | 12/30/2013 | 1 |
| 26 U.S.C. § 7201 | Tax Evasion | 10/15/2009 | 3 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☑ Count(s) 2,6,7,8 ☐ is ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

12/22/2017
Date of Imposition of Judgment

Signature of Judge

Hon. Jed S. Rakoff, U.S.D.J.
Name and Title of Judge

1/5/18
Date

DEFENDANT: Harold Levine
CASE NUMBER: 1:16CR00715 - 001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Count 1: Twenty Four (24) months.
Count 3: Twenty Four (24) months, all terms on both counts to run concurrent to each other.

☑ The court makes the following recommendations to the Bureau of Prisons:

Incarceration in Otisville.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☑ before 2 p.m. on   12/5/2017   .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev 09/17) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 1:16-cr-00715-JSR   Document 70   Filed 01/08/18   Page 3 of 9
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __7__

DEFENDANT: Harold Levine
CASE NUMBER: 1:16CR00715 - 001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

On Count 1: One (1) year.
On Count 3: Three (3) years. All terms on both counts to run concurrent to each other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - [✓] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. [✓] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. [✓] You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. [ ] You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Harold Levine
CASE NUMBER: 1:16CR00715 - 001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Harold Levine
CASE NUMBER: 1:16CR00715 - 001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer with access to any requested financial information.

2. The defendant shall not incur any new credit charges or open additional lines of credit with the approval of the probation officer unless the defendant is in compliance with the installment payment plan.

3. The Court recommends the defendant be supervised in his district of residence.

DEFENDANT: Harold Levine
CASE NUMBER: 1:16CR00715 - 001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ 1,519,306.88 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| PRINCIPLE AND INTEREST AMOUNTS LIST ATTACHED. | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
                                       :
UNITED STATES OF AMERICA,              :    **RESTITUTION ORDER**
                                       :
        -v-                            :    16 Cr. 715 (JSR)
                                       :
HAROLD LEVINE,                         :
                                       :
        Defendant.                     :
                                       :
------------------------------------- x

Pursuant to this Court's Memorandum Order dated December 15, 2017, and having found that the payment of restitution is appropriate, based on unpaid taxes owed by HAROLD LEVINE on $2,936,878 in unreported income, plus accrued interest to the date December 22, 2017, defendant HAROLD LEVINE is hereby ORDERED to pay restitution to the Internal Revenue Service in the principal and interest amounts listed below, for the tax years listed below, in accordance with the terms of his plea agreement and pursuant to 18 U.S.C. § 3663(a)(3):

| TAX YEAR | TAX DUE & OWING | ACCRUED INTEREST | TOTAL |
|---|---|---|---|
| 2005 | $25,713.00 | $17,057.35 | $42,770.35 |
| 2006 | $399,583.00 | $215,256.13 | $614,839.13 |
| 2007 | $414,100.00 | $175,948.66 | $590,048.66 |
| 2008 | $146,757.00 | $51,348.14 | $198,105.14 |
| 2009 | $43.00 | $12.77 | $55.77 |
| 2010 | $40,418.00 | $10,071.47 | $50,489.47 |
| 2011 | $19,060.00 | $3,938.36 | $22,998.36 |
| TOTALS | $1,045,674.00 | $473,632.88 | $1,519,306.88 |

The Bureau of Prisons is directed to deduct from defendant HAROLD LEVINE's resources the maximum amount permitted under 28 C.F.R. § 545.11.

Defendant HAROLD LEVINE shall make all restitution payments, except those payments made through the Federal Bureau of Prisons, to:

> United States District Court
> for the Southern District of New York
> Clerk's Office–Restitution
> 500 Pearl Street
> New York, New York 10007

Defendant HAROLD LEVINE shall include, with his restitution payment(s) transmitted to the Clerk of the District Court, his name, the District Court's docket number assigned to the case (16 Cr. 715 (JSR)), and a request that this identifying information be transmitted by the Clerk, together with his payment(s), to the Internal Revenue Service at the following address:

> IRS-RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

SO ORDERED

_____
THE HONORABLE JED S. RAKOFF
United States District Judge

Dated: December 22, 2017
       New York, New York

AO 245C (Rev 09/17) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 1:16-cr-00715-JSR   Document 70   Filed 01/08/18   Page 9 of 9
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 7 of 7

DEFENDANT: Harold Levine
CASE NUMBER: 1:16CR00715 - 001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    Restitution shall be paid at the rate of 15% of the defendant's gross monthly income, beginning with the second month of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.